# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| | Jury Trial Demanded |
| v. | |
| | Case No.1:06CV01329(RMC) |
| RODERIC LEE BOLING III, ANNA AUGUST BOLING, JEFFREY SCOTT MILLS, and DIRECT RESULTS OF SWEETWATER, LLC, | |
| Defendants. | |

### [PROPOSED] ORDER GRANTING SUMMARY JUDGMENT AS TO DEFENDANTS ANNA AUGUST BOLING, JEFFREY SCOTT MILLS AND DIRECT RESULTS OF SWEETWATER, LLC.

**WHEREAS**, on July 27, 2006, Plaintiff Securities and Exchange Commission ("Plaintiff" or "Commission") filed a Complaint in this action against Defendants Anna August Boling ("A. Boling"), Jeffrey Scott Mills ("Mills") and Direct Results of Sweetwater, LLC, ("Direct Results") (collectively refereed to as the "Defendants").

**WHEREAS,** the Court hereby finds that Mills violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] as a result of the conduct alleged in the Complaint.

**WHEREAS,** the Court hereby finds that Defendant Direct Results violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] as a result of the conduct alleged in the Complaint.

**WHEREAS,** the Court hereby finds that A. Boling violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] as a result of the conduct alleged in the Complaint.

## I.

**IT IS HEREBY ORDERED** that the Commission's Motion for Summary Judgment is GRANTED against Defendants.

## II.

**IT IS FURTHER ORDERED** that Defendants and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

**IT IS FURTHER ORDERED** that Defendants are jointly and severally liable for disgorgement of **$171,983** together with prejudgment interest; consisting of:

- **$86,750** in proceeds from sales of IVFH
- **$25,233** in proceeds from sales of MAUG; and
- **$60,000** cash payment.

Defendants shall satisfy this obligation by paying $171,983 together with prejudgment interest within ten business days to the Clerk of this Court, together with a cover letter identifying the payer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant payer shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action: Alan M. Lieberman, 100 F Street N.E., Washington, D.C. 20549-4030. Defendants relinquish all legal and equitable right, title, and interest in all funds paid pursuant to this Final Judgment, and no part of the funds shall be returned to Defendants. The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after ten days following entry of this Final Judgment. In response to any such civil contempt motion by the Commission, Defendants may assert any legally permissible defense. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

IV.

**IT IS FURTHER ORDERED** that, pursuant to Section 20 of the Securities Act [15 U.S.C. § 17t(d)] and Section 21 of the Exchange Act [15 U.S.C. § 78(u)(d)], Defendants shall each pay a civil penalty in the amount of **$_____**.  Defendants shall satisfy this obligation by paying **$_____** within ten business days to the Clerk of this Court, together with a cover letter identifying the payer as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendant payer shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action: Alan M. Lieberman, 100 F Street N.E., Washington, D.C. 20549-4030.  Defendant relinquishes all legal and equitable right, title, and interest in all funds paid pursuant to this Final Judgment, and no part of the funds shall be returned to Defendants.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

V.

The Clerk shall deposit the funds submitted to this Court pursuant to sections IV and V of this Final Judgment into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

4

The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on any payment of disgorgement in this action, argue that he, she or it is entitled to, nor shall he, she or it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants' payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant beneficiary of such Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant in this action by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action. Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this action for the purpose of enforcing this Final Judgment.

## VII.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment forthwith and without further notice.

**SO ORDERED:**

Date: _____                    _____
                                    Honorable Rosemary M. Collyer
                                    United States District Judge